IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:                                  No. C 12-5905 CW

FIRST FINANCIAL LENDER,                 Bk. Nos. 10-55096 SLJ
                                                 11-05169 SLJ
     Debtor.
                                        ORDER ADOPTING
                                        BANKRUPTCY COURT'S
                                        PROPOSED FINDINGS OF
                                        FACT AND CONCLUSIONS OF
_____/       LAW

MOHAMED POONJA, Trustee,

     Plaintiff,

  v.

TERI H. NGUYEN and VINH NGUYEN.

     Defendants.

_____/

    Defendant Teri H. Nguyen has filed objections to the bankruptcy court's proposed findings of fact and conclusions of law to support entry of judgment following trial.  Plaintiff Mohamed Poonja has filed an opposition to the objections.  Having considered the parties' papers and the entire record in this case, the Court adopts in full the bankruptcy court's proposed findings of fact and conclusions of law.

## BACKGROUND

    Debtor First Financial Lender was a correspondent lending business involved in the origination and funding of mortgage loans and sale of those loans to large lenders.  Ms. Nguyen was the President and sole shareholder of Debtor.  Her husband, Vinh

Nguyen was the Chief Financial Officer of Debtor and was also a Defendant in the adversary proceeding. Defendant Vinh Nguyen does not object to the Bankruptcy Court's findings of facts and conclusions of law.

On May 14, 2010 Debtor filed for Chapter 7 bankruptcy in the Northern District of California Bankruptcy Court. The bankruptcy court appointed Plaintiff as trustee of Debtor's estate. On May 27, 2011, Plaintiff filed an adversary proceeding against Defendants. Plaintiff's Complaint for Avoidance and Recovery of Fraudulent Transfers alleges that Defendants received a fraudulent conveyance from the estate prior to the bankruptcy filing.

At issue in this appeal is the 2008 reclassification of a $422,379 loan from Debtor to Ms. Nguyen as a $489,233 distribution to Ms. Nguyen. Proposed Findings of Fact and Conclusions of Law at 4. Debtor's accountant testified that the effect of this distribution was that "as of the end of 2008, Debtor's loan to Teri Nguyen, an asset of $422,379 on Debtor's books, has been eliminated." Id. The accountant stated, "Part of the distribution was offset by the loan the shareholder [Teri Nguyen] owed the company, so she did not have to bring cash back to the company because it was no longer in business." Id.

The bankruptcy court found that this reclassification met the required elements for a constructive fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(2):

    (1) the transfer must have involved the property of the debtor

    (2) the transfer must have been made within two years of the filing of bankruptcy;

2

    (3) the debtor must not have received reasonably equivalent value in exchange for the property transferred; and

    (4) the debtor must have been insolvent, been made insolvent by the transaction, be operating or about to operate without property constituting sufficient capital, or be unable to pay debts as they become due.

In re United Energy Corp, 944 F.2d 589, 594 (9th Cir. 1991). Accordingly, the bankruptcy court found that judgment should enter in favor of Plaintiff against Ms. Nguyen in the amount of $422,379 with prejudgment interest and that no judgment should issue against Vinh Nguyen. Proposed Findings of Fact and Conclusions of Law at 14.

    Ms. Nguyen objects to four of the bankruptcy court's findings and conclusions related to its determination of a constructively fraudulent transfer. Specifically, Ms. Nguyen objects to the findings that: (1) Debtor was insolvent; (2) Debtor had other debts, independent of a claim by Lehman Brothers, that rendered it insolvent; (3) Plaintiff's expert Richard Pierotti's testimony and report were credible; and (4) less than reasonably equivalent value was provided for the transfer from Debtor to Ms. Nguyen.

## LEGAL STANDARD

Federal law provides that

    bankruptcy courts have jurisdiction to hear a broad array of issues, but the exercise of their jurisdiction to enter any final order or judgment is limited to (1) "cases under title 11"; (2) "core" bankruptcy proceedings that either "arise under" the Bankruptcy Code or "arise in" a case under the Code; or (3) cases in which all interested parties "consent" to the bankruptcy court having jurisdiction to enter a final order in a matter that is "related to" a case under the Bankruptcy Code.

Battle Ground Plaza, LLC v. Ray (In re Ray), 624 F.3d 1124, 1130 (9th Cir. 2010). In other, non-core proceedings, the bankruptcy

3

court is limited to submitting proposed findings of fact and conclusions of law to the district court. Under 28 U.S.C. § 1571(c)(1), the district court has the authority to enter a final order of judgment "after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." "Although new hearings are not required for de novo review, a review of the record is required." In re Castro, 919 F.2d 107, 108 (9th Cir. 1990).

## DISCUSSION

I. Finding that Debtor was Insolvent

Ms. Nguyen objects to the bankruptcy court's finding that Debtor was insolvent on the date of the transfer. However, Defendants filed multiple documents admitting that Debtor was insolvent. For example, in Defendants' Combined Trial Brief, Defendants stated, "Debtor does not herein dispute the issue of insolvency in this matter." Bankruptcy Docket No. 49 at 7. Defendants also filed a document stating that "Debtor was insolvent both prior to and after the 2008 shareholder distribution of $488,233." Defendants' Joint Pre-Trial Statement, Bankruptcy Court Docket No. 42 at 3. Moreover, at a pretrial hearing, counsel for Defendants stated his belief that the trial would be shorter than expected because the remaining issue for trial was "whether there was in fact a transfer." Docket No. 66 at 13.

Relying on these representations, the bankruptcy court found that Defendants waived the issue of insolvency and found that Debtor was insolvent on the date of the transfer. See Trial

4

Transcript at 8:20-23; Proposed Findings of Fact and Conclusions of Law at 5.  The Court finds that Ms. Nguyen's objection to this finding is without merit.

II.  Claim by Lehman Brothers Holdings, Inc.

Ms. Nguyen next objects to what she characterizes as the bankruptcy court's finding that Debtor was insolvent, independent of the Lehman Brothers claim.  She asserts that, without the Lehman Brothers claim, it is not clear that Debtor was insolvent.  However, as discussed above, Defendants waived the issue of insolvency.

Moreover, the bankruptcy court's discussion of the Lehman Brothers claim addressed Defendants' argument at trial "that it is not lawful for Plaintiff to pursue a fraudulent conveyance when a large claim against the estate may not be valid."  Proposed Findings of Fact and Conclusions of Law at 12.  After noting that "Defendants supplied no legal authority in support of this argument," the bankruptcy court found that, "even if the Lehman Brothers claim fails, the estate still has unpaid claims."  Id.  Accordingly, the trustee was permitted to seek recovery of the fraudulent conveyance because "[s]o long as the estate has creditors, a recovery can be made for the estate."  Id.  (citing Collier on Bankruptcy ¶ 548.02[2] (A. Pesnick, H. Somner 16th Ed. 2012)).

The bankruptcy court did not rely on a finding that the Lehman Brothers claim was valid to support its finding that Debtor

5

was insolvent at the time of the transfer.  Ms. Nguyen's objection is without merit.[1]

III. Credibility of Plaintiff's Expert Witness

Ms. Nguyen next objects to the bankruptcy court's finding that Plaintiff's expert witness Richard Pierotti was credible and the court's reliance on the expert's testimony and report. However, the bankruptcy court only cited Mr. Pierotti's report as support for its finding that Debtor was insolvent on the date of the transfer.  See Proposed Findings of Fact and Conclusions of Law at 5, 8, 10.  As discussed above, Ms. Nguyen waived the issue of insolvency.  Accordingly, Ms. Nguyen's objection is moot.  The bankruptcy court need not have relied on Mr. Pierotti's report to conclude that Debtor was insolvent on the date of the transfer. See Proposed Findings of Fact and Conclusions of Law at 10 ("Defendants conceded in their pretrial submissions that Debtor was insolvent.  Moreover, the court accepts expert witness Richard Pierotti's conclusion Debtor was insolvent at the time of the reclassification entry.").

IV.  Finding of Less than Reasonably Equivalent Value

Ms. Nguyen objects to the bankruptcy court's finding that Debtor did not receive "reasonably equivalent value" for the funds transferred to Ms. Nguyen.  When considering this issue, the

---

[1] Ms. Nguyen has requested that "oral testimony be heard by the District Court in this matter" and states that she "would like to present evidence that was not allowed in the Bankruptcy Court, specifically on the issue of the validity of the [Lehman Brothers] claim and the general solvency of Debtor."  Defendant's Objection at 2.  Ms. Nguyen waived the issue of solvency.  The Court finds that no hearing is required.

6

1  bankruptcy court found, "Defendants do not seriously argue that
2  Teri Nguyen gave value for the reclassification of her debt to
3  Debtor.  Nor could they."  Proposed Findings of Fact and
4  Conclusions of Law at 9.  Ms. Nguyen first faults the bankruptcy
5  court for finding that Debtor's exchange of "an equity interest in
6  an insolvent entity for real debt to that company" was not an
7  exchange of reasonably equivalent value because it relied upon the
8  finding that Debtor was insolvent.  As discussed above, Defendants
9  waived any argument regarding Debtor's solvency.  This objection
10 is not well taken.

11      Ms. Nguyen next faults the bankruptcy court's finding that
12 any equity she contributed to the company prior to the time Debtor
13 became insolvent was not invested contemporaneously with the
14 reclassification as required by In re Brobeck, 408 B.R. 318, 341-
15 42 (Bankr. N.D. Cal. 2009).  Ms. Nguyen argues that the finding
16 "is in direct contradiction to the testimony given at the trial"
17 and "ignores the testimony of Defendant and the evidence submitted
18 of the income she put in to buy back a note and support the
19 litigation, which totaled far in excess of what was written off
20 the books."  Objection at 6.

21      However, Ms. Nguyen does not provide any citation to the
22 record.  This is a violation of the Federal Rules of Bankruptcy
23 Procedure, which require an appellant's brief to include "the
24 contentions of appellant with respect to the issues presented, and
25 the reasons therefor, with citations to the authorities, statutes
26 and parts of the record relied on."  Fed. R. of Bankr. P.
27 8010(a)(1)(E); see also In re O'Brien, 312 F.3d 1135, 1136-37 (9th
28 Cir. 2002) (dismissing bankruptcy appeal for failure to present a

7

sufficient record and noting, "An enormous amount of time is wasted when attorneys fail to provide proper briefs and excerpts of record that should have supplied the court with the materials relevant to the appeal"); Mitchel v. General Electric Co,, 689 F.2d 877, 879 (9th Cir. 1982) (dismissing appeal for failure to provide appropriate references to the record). The Court finds that Ms. Nguyen has not provided any factual support for her argument and overrules this objection.

## CONCLUSION

For the foregoing reasons, the Court concludes upon de novo review that each of Ms. Nguyen's objections is without merit. The Court has reviewed the record and agrees in full with the bankruptcy court's proposed findings of fact and conclusions of law and hereby adopts those findings and conclusions as its own.

Judgment shall be entered in favor of Trustee Mohamed Poonja against Defendant Teri Nguyen in the amount of $422,379, together with prejudgment interest at the legal rate pursuant to 28 U.S.C. § 1961(a), calculated from the date the Complaint was filed. Judgment shall be entered in favor of Defendant Vinh Nguyen. The Clerk of the Court is instructed to enter judgment in accordance with this opinion and close the file in this case.

IT IS SO ORDERED.

Dated: 5/16/2013

CLAUDIA WILKEN
United States District Judge